LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| CARLOS LARIOS,<br>*on behalf of himself,*<br>*FLSA Collective Plaintiffs and the Class,* | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| MGD STEWARTS ONE INC.<br>     d/b/a STEWART'S,<br>MIKE & CATHY'S SONS, INC.<br>     d/b/a STEWART'S and MIKE'S HINSCH'S,<br>MICHAEL MOUDATSOS, and<br>LEE MOUDATSOS, | |
| Defendants. | |

---

Plaintiff, CARLOS LARIOS (herein, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants, MGD STEWARTS ONE INC. d/b/a STEWART'S, MIKE & CATHY'S SONS, INC. d/b/a STEWART'S and MIKE'S HINSCH'S (together the "Corporate Defendants"), MICHAEL MOUDATSOS and LEE MOUDATSOS (the "Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

1

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff CARLOS LARIOS is a resident of Kings County, New York.

6.      At all relevant times, Defendants owned and operated two restaurants, "Mike's Hinsch's" and "Stewart's," at 8518 Fifth Avenue, Brooklyn, New York 11201 (collectively, the "Restaurants"). In or around 2013, Defendants bought "Hinsch's" from its prior owners and operated "Hinsch's" as "Mike's Hinsch" through Corporate Defendant MIKE & CATHY'S SONS, INC. In or around 2015, Defendants rebranded the diner to the franchise "Stewart's." "Stewart's" was operated by Defendants under Corporate Defendant MIKE & CATHY'S SONS, INC. Starting on or about March 1, 2017, "Stewart's" was operated by Defendants through Corporate Defendant MGD STEWARTS ONE INC. At all relevant times, Individual Defendants

MICHAEL MOUDATSOS and LEE MOUDATSOS owned and operated the Restaurants. Defendants further maintained the same staff when it rebranded "Mike's Hinsch's" to "Stewart's." At all times, the Restaurants were diners.

7.    Defendants operate the Restaurants through the following Corporate Defendants:

(a) Corporate Defendant MGD STEWARTS ONE INC. d/b/a STEWART'S is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 8518 Fifth Avenue, Brooklyn, NY 11209. Defendants currently operate Stewart's through Corporate Defendant MGD STEWARTS ONE INC. From on or about March 1, 2017, Corporate Defendant MGD STEWARTS ONE INC. d/b/a STEWART'S is a successor-in-interest to Corporate Defendant MIKE & CATHY'S SONS, INC. Individual Defendants are the owners of MGD STEWARTS ONE INC.

(b) Corporate Defendant MIKE & CATHY'S SONS, INC. d/b/a STEWART'S and MIKE'S HINSCH'S is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 8518 Fifth Avenue, Brooklyn, NY 11209. Defendants operated Mike's Hinsch's and previously operated Stewart's through Corporate Defendant MIKE & CATHY'S SONS, INC until on or about March 1, 2017. Corporate Defendant MIKE & CATHY'S SONS, INC. d/b/a STEWART'S is a predecessor-in-interest to Corporate Defendant MGD STEWARTS ONE INC. d/b/a STEWART'S. Individual Defendants are the owners of MIKE & CATHY'S SONS, INC. d/b/a STEWART'S and MIKE'S HINSCH'S.

(c) Corporate Defendant MGD STEWARTS ONE INC. d/b/a STEWART'S (the "Successor") is a successor-in-interest to Corporate Defendant MIKE & CATHY'S SONS, INC. d/b/a STEWART'S and MIKE'S HINSCH'S (the "Predecessor") because:

(i)  The Successor is owned and operated by the same individuals (named as Individual Defendants herein) as the Predecessor;

(ii) The Successor continued the operation of the same type of business as the Predecessor;

(iii) The Successor continued the operation of the business under the same trade name as the Predecessor;

(iv) The Successor continued the operation of the business at the same physical address as the Predecessor with the same look and feel;

(v) The Predecessor transferred inventory and equipment to the Successor;

(vi) The Successor retained most employees previously employed by the Predecessor;

(vii) The Successor employed individuals in the same positions as the Predecessor, under substantially the same working conditions;

(viii) The Successor continued the labor and employment policies of the Predecessor;

(ix) The Successor had notice of potential liability under the FLSA and NYLL prior to acquiring the business from the Predecessor; and

(x) The Successor had actual or constructive knowledge that unpaid wages were owed to former employees prior to acquiring the business from the Predecessor.

8.    Individual Defendants:

(a) Individual Defendant MICHAEL MOUDATSOS is an owner of Corporate Defendants. MICHAEL MOUDATSOS exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to

Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all relevant times, employees could complain to MICHAEL MOUDATSOS regarding any of the terms of their employment, and MICHAEL MOUDATSOS would have the authority to effect any changes to the quality and terms of employees' employment. MICHAEL MOUDATSOS ensured that employees effectively serve customers and that the business is operating efficiently and profitably. MICHAEL MOUDATSOS exercised functional control over the business and financial operations of all Corporate Defendants. MICHAEL MOUDATSOS had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(b) Individual Defendant LEE MOUDATSOS is an owner of Corporate Defendants. Individual Defendant LEE MOUDATSOS is Individual Defendant MICHAEL MOUDATSOS's son. LEE MOUDATSOS exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all times, employees could complain to LEE MOUDATSOS regarding any of the terms of their employment, and LEE MOUDATSOS would have the authority to effect any changes to the quality and terms of employees' employment. LEE MOUDATSOS ensured that employees effectively serve customers and that the business is operating efficiently and profitably. LEE MOUDATSOS exercised functional control over the business and financial operations of all Corporate Defendants. LEE MOUDATSOS had the

power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees. As recent as March 2019, Individual Defendant LEE MOUDATSOS responded to customer reviews on the restaurant's Yelp.com webpage as the business owner.

9.    At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

10.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.    Plaintiff bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including servers, bussers, food preparers, cooks, dishwashers, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

12.    At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper minimum wage, and the overtime premium thereof. A subclass of tipped employees also has a claim for unpaid minimum wage and overtime from an improperly deducted tip credit. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

13.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.    Plaintiff bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including servers, bussers, food preparers, cooks, dishwashers, among others) employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.    The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than

forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40).

17.    Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper minimum wage, (ii) failing to pay proper overtime premium, (iii) failing to pay spread of hours premium, (iv) failing to provide Class members with proper wage statements with every payment of wages, and (v) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law.

18.    With regard to the Tipped Subclass, Defendants also failed to pay them the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the New York Labor Law. The Tipped Subclass suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) claimed a tip credit in excess of the statutory amount permissible, (ii) failed to properly provide tip credit notice at hiring and annually thereafter, (iii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iv) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (v) failed to accurately keep track of daily tips earned and maintain records thereof. Defendants claimed a tip credit in excess of the statutory amount permissible because all employees, including the Tipped Subclass, was compensated on a

straight-time basis, and therefore, was not properly paid their overtime premium, resulting in a tip credit in excess of the statutory amount permissible.

19.    Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20.    Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

21.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of

separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.    Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b.    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

c.    At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

d.   Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

e.   Whether Defendants paid Plaintiff and Class members at least the minimum wage for hours worked up to forty (40) per workweek;

f.   Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

g.   Whether Defendants had a policy and practice of compensating Plaintiff and Class members on a straight-time basis for all hours worked;

h.   Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

i.   Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

j.   Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workweek;

k.   Whether Defendants took the proper amount of tip credit allowance for each payment period under the New York Labor Law;

l.   Whether Defendants established an invalid tip pooling arrangement by instituting an invalid tip pooling scheme in which the Tipped Subclass did not agree to;

m.   Whether Defendants retained any portion of the gratuities from their tipped employees;

n.   Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period, and (ii) all

non-exempt employees of information required to be provided on wage statements under the New York Labor Law;

o.    Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

p.    Whether Defendants paid Plaintiff and Class members the New York State "spread of hours" premium when their workdays exceeded ten hours.

## STATEMENT OF FACTS

24.    Plaintiff CARLOS LARIOS:

(a) On or about March 1, 2017, Plaintiff LARIOS was hired by Defendants to work as a food preparer at Defendants' Stewart's restaurant, located at 8518 Fifth Avenue, Brooklyn, New York 11209. Plaintiff LARIOS worked for Defendants until on or about November 5, 2018.

(b) From in or around March 2017 through August 2018, Plaintiff LARIOS was scheduled to work fifty-eight (58) hours per week, as follows: from 10:00am to 11:00pm on Mondays and Tuesdays, from 4:00pm to 11:00pm on Thursdays, from 4:00pm to 12:00am on Fridays and Saturdays, and from 3:00pm to 12:00am on Sundays. From in or around September 2018 through the end of Plaintiff LARIOS's employment with Defendants, Plaintiff LARIOS was scheduled to work fifty-four (54) hours per week, as follows: from 10:00am to 11:00pm on Mondays, from 10:00am to 7:00pm on Tuesdays, from 9:00am to 3:00pm on Thursdays, from 9:00am to 4:00pm on Fridays, from 8:00am to 4:00pm on Saturdays, and from 9:00am to 8:00pm on Sundays. Plaintiff LARIOS was required to work without any formal meal breaks. At all times, Plaintiff worked over forty (40) hours per week. FLSA Collective Plaintiffs and Class members worked similar hours that regularly exceeded forty (40) hours per week.

(c) From the beginning of Plaintiff LARIOS's employment through August 2018, Defendants paid Plaintiff on a straight-time basis at a rate of $11.00 per hour, for all hours worked, including those in excess of forty (40) hours per workweek. From in or around September 2018 until the end of Plaintiff LARIOS's employment with Defendants, Plaintiff LARIOS was paid on a straight-time basis at a rate of $12.00 per hour, for all hours worked, including those in excess of forty (40) hours per workweek. In 2018, these hourly rates were below the prevailing New York State minimum wage rate, which was $13.00 per hour. Throughout Plaintiff LARIOS's employment with Defendants, Defendants failed to compensate Plaintiff at one-and-a-half his regular rate for any of his overtime hours worked due to Defendants' policy of compensating their employees on a straight-time basis. FLSA Collective Plaintiffs and Class members, including the Tipped Subclass, were similarly compensated on a straight-time basis for all hours worked.

25.    A subclass of FLSA Collective Plaintiffs and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to the subclass of FLSA Collective Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) claimed a tip credit in excess of the statutory amount permissible, (ii) failed to properly provide tip credit notice in violation of the FLSA; (iii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iv) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement in violation of the FLSA; (v) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (vi) claimed tip credit for all hours worked despite having caused tipped employees to

engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the FLSA and NYLL, (vii) implemented an invalid tip pooling, (viii) failed to accurately track daily tips earned or maintain records thereof, (ix) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, and (x) failed to provide a proper wage statement with every payment of wages informing tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL.

26.    Plaintiff and Class members regularly worked days that exceed ten (10) hours in length, but Defendants unlawfully failed to pay Plaintiff and Class members the spread of hours premium for workdays that exceeded ten hours in length.

27.    Defendants failed to provide Plaintiff and the Class members with proper wage notices at hiring and annually thereafter. Plaintiffs did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

28.    Defendants failed to provide Plaintiff and Class members with proper wage statements. At all relevant times, Plaintiff and Class members were paid in cash and Defendants failed to provide them with any wage statements.

29.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage, and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiff, FLSA Collective Plaintiffs and Class members.

30.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class members, in violation of the NYLL.

31.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

32.    Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the New York Labor Law.

33.    Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

34.    Plaintiff realleges and reavers Paragraphs 1 through 33 of this class and collective action Complaint as fully set forth herein.

35.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

36.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

37.    At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

38.    At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. Defendants were also not entitled to claim any tip credits under the FLSA.

39.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of time and one-half the regular rate.

40.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

41.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

42.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

43.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages.

44.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

45.    Plaintiff realleges and reavers Paragraphs 1 through 44 of this class and collective action Complaint as fully set forth herein.

46.    At all relevant times, Plaintiff and Class members were employed by the Defendants

16

within the meaning of the New York Labor Law, §§ 2 and 651.

47.    Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them proper wages in the lawful amount for hours worked. Defendants were not entitled to claim any tip credits.

48.    Defendants willfully violated Plaintiff's and Class members' rights by failing to pay "spread of hours" premium to them for each workday that exceeded ten (10) or more hours.

49.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.  Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL.

50.    Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

51.    Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

d.  An award of unpaid overtime due under the FLSA and the New York Labor Law;

e.  An award of unpaid "spread of hours" premium due under the New York Labor Law;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the New York Labor Law;

h.  An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j.  Designation of this action as a class action pursuant to F.R.C.P. 23;

k.  Designation of Plaintiff as Representative of the Class; and

l.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 6, 2019                    Respectfully submitted,

By:    */s/ C.K. Lee*
        C.K. Lee, Esq.

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        30 East 39th Street, Second Floor
        New York, NY 10016
        Tel.: 212-465-1188
        Fax: 212-465-1181
        *Attorneys for Plaintiff,*
        *FLSA Collective Plaintiffs and the Class*